IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PALAKIKO AKANI KALANINEKI II, translation in Hawaiian for Francis Anthony Grandinetti II, | ) ) ) ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| HELEN GILLMOR, et al., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

CIV. NO. 06-00084 ACK-LEK

ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS

## <u>ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS</u>

Plaintiff Francis Anthony Grandinetti II,[1] an inmate proceeding *pro se*, has filed the petition for writ of mandamus.  Grandinetti "is of the opinion that Chief U.S. District Judge Gillmor is a 'replacement' for Queen Liliuokalani, [as she is ] enforcing the U.S. takeover of the Hawaiian Islands, and is doing C.I.A. and Homeland duties."  (Pet. at 2.)  Grandinetti makes many other claims regarding the purported history of Hawaii, its entry into the Union, and his ties to the State.  Grandinetti seeks "continued State of New York citizenship," "federal removal law, diversity of citizenship," "'U.S. military base' privileges for petitioner," and unspecified injunctive relief against the State of Hawaii.  Grandinetti's claims are

_____

[1] Although Grandinetti has captioned his name in Hawaiian, the court will refer to him by his legal, given name.

variations on claims that he has previously brought to this court.  *See e.g.*,

*Grandinetti v. Shimoda, et al.*, Civ. No. 05-00442 JMS (transferred to the United

States District Court for the Northern District of Mississippi); *Grandinetti v.*

*Stampfle, et al*, Civ. No. 05-00692 HG (dismissed pursuant to 28 U.S.C. § 1915(g).

Grandinetti has neither paid the $250 statutory filing fee nor submitted an *in forma*

*pauperis* application.

I.      The Petition is Dismissed Under 28 U.S.C.  § 1915(g).

A prisoner may not bring a civil action or appeal a civil judgment under 28

U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated

or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The court must

consider prisoner actions dismissed prior to, as well as after, the statute's

enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  The plain

language of the statute also requires the court to consider all prior dismissed

actions, regardless of where the action was dismissed, so long as the action was

dismissed by "a court of the United States."  28 U.S.C. § 1915(g).

2

Grandinetti is well acquainted with the United States District Courts, as well as the United States Courts of Appeal, having filed at least thirty-five actions in these courts since 1996. *See* U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. At least three of Grandinetti's prior actions have been dismissed as frivolous or for failure to state a claim.[2] The present petition does not allege that Grandinetti is in imminent danger of physical injury. The Court DISMISSES Grandinetti's petition pursuant to 28 U.S.C. § 1915(g).

I.      The Petition is Also Dismissed With Prejudice as Frivolous.

Under 28 U.S.C. § 1915A, federal courts are required to conduct a preliminary screening, before docketing or as soon as practicable thereafter, of any complaint filed by a prisoner seeking redress from a governmental entity, officer or employee. 28 U.S.C. § 1915A(a). The court must dismiss such a complaint, or

---

[2] *See e.g.*, *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex., § 1983 case dismissed as frivolous on July 20, 1998).

any portion thereof, which is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(b)(1).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

District courts may grant writs in the nature of mandamus when necessary or appropriate in aid of their jurisdiction. 28 U.S.C. § 1651; *Finley*, 377 F.2d at 548. A writ of mandamus  is a drastic remedy to be used only in extraordinary situations.  *Borja v. United States Dist. Court for the N. Mariana Islands*, 919 F.2d 100, 100 (9th Cir.1990); *People of Territory of Guam v. District Court of Guam*, 641 F.2d 816, 820 (9th Cir.1981).  Traditionally, it has been used as a means to

4

confine an inferior court to the lawful exercise of its jurisdiction or to compel it to exercise its authority. *Borja*, 919 F.2d at 100.

Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 F2d 1343, 1345 (9th Cir 1986) (citations omitted). Federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir.1966) (federal court had no jurisdiction over suit by attorney who had been disbarred by state court, seeking to vacate judgment of disbarment); *see also Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.) (Court of Appeals lacks jurisdiction to issue a writ of mandamus to a state court under 28 U .S.C. § 1651; suit seeking such relief is frivolous as a matter of law), *cert. denied*, 498 U.S. 1123 (1991).

Grandinetti's petition provides no basis for this court to grant the writ. First, Grandinetti's claims are not "clear and certain." *Fallini*, 783 F.2d at 1345. Second, Judge Gillmor has no jurisdiction to "grant" Grandinetti either New York citizenship or privileges to United States Military Bases. Thus, her duty in relation to Grandinetti's claims is neither ministerial nor "so plainly prescribed as to be free

5

from doubt." *Id.*  Third, it is not certain that Grandinetti has no other adequate remedy.  He is currently pursuing a federal habeas petition challenging his state court conviction and his present incarceration, which is the proper avenue for his injunctive claims against the State of Hawaii.  *See Grandinetti v. Hawaii*, Civ. No. 05-00254 DAE.  Fourth, even if Judge Gillmor had the authority or jurisdiction to grant Grandinetti's requests, which she does not, *this* Court has no authority to compel her to do so, that is the province of the Ninth Circuit Court of Appeals. *See Borja*, 919 F.2d at 101 (traditional use of mandamus is to "confine an *inferior* court to the lawful exercise of its jurisdiction" or to compel it to exercise its authority") (emphasis added) (citations omitted).  Finally, this court may not enjoin the Hawaii courts from pursuing "civil and criminal prosecution," against Grandinetti, as he requests.  *See Demos*, 925 F.2d at 1161-62.  Grandinetti's claims are legally frivolous and the request for a writ of mandamus is DENIED.  As amendment to the petition would be futile, this denial is with prejudice.  The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 10, 2006.



_____

Alan C. Kay
Sr. United States District Judge

Grandinetti v.Gillmor, Civ. No. 06-00084 ACK-LEK; ORDER DISMISSING  PETITION FOR WRIT OF MANDAMUS.

7